# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Case No.

DYNORAXX, INC.

       Plaintiff

v.

CLOVER LEAF MILLS, LLC;
CRAIG/IS LTD; and MAIN STREET
AMERICA ASSURANCE COMPANY,

       Defendants

### COMPLAINT

Plaintiff, DynoRaxx, Inc. files this action against the defendants Clover Leaf Mills, LLC, Main Street America Assurance Company and CRAIG/is LTD, seeking an injunction against the destruction, removal, or alteration of certain tangible property located in Fall River, Massachusetts.

### PARTIES

1.     DynoRaxx, Inc. ("DynoRaxx") is a corporation, incorporated, organized, and existing under the laws of the state of New York, with a principal place of business in Buffalo, Erie County, New York.

2.     Defendant, Clover Leaf Mills, LLC ("Clover Leaf"), is a limited-liability company, incorporated, organized, and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business in Fall River, Bristol County, Massachusetts.

3.      Defendant, CRAIG/is Ltd. ("CRAIG/is") is a limited-liability company, incorporated, organized, and existing under the laws of the state of Florida, with a principal place of business in Jacksonville, Duval County, Florida.

4.      Defendant, Main Street America Assurance Company ("Main Street") is a corporation, incorporated, organized and existing under the laws of the state of Florida, with a principal place of business in Jacksonville, Duval County, Florida.

### JURISDICTION AND VENUE

5.      Jurisdiction is proper in this court, pursuant to 28 USC §1332(a)(1), as the tangible property at issue is evidence, material to anticipated litigation which will seek damages in excess of $700,000.

6.      Venue is proper, as the tangible property at issue is located within this judicial district, and defendant Clover Leaf Mills has its principal place of business in eastern Massachusetts.

### FACTS

7.      DynoRaxx is a manufacturer of products, including roof mounting systems for solar panels.

8.      On information and belief, Clover Leaf Mills owns, or otherwise controls, buildings located at 1 Father Devalles Boulevard and 21 Father Devalles Boulevard in Fall River, Bristol County, Massachusetts.

9.      On information and belief, Main Street is the insurance carrier for Clover Leaf Mills, and has issued a policy or policies insuring the buildings on Father Devalles Boulevard, and intends to pursue claims against DynoRaxx.

10. On information and belief, CRAIG/is serves as a subrogation consultant to Main Street and/or Clover Leaf Mills in this matter.

*Threatened Alteration and Destruction of*
*Racking System at Father Devalles Boulevard*

11. Main Street has alleged that the buildings on Father Devalles Boulevard were damaged on March 2, 2018, as a result of a failure of a "racking system" manufactured by DynoRaxx, and installed by Beaumont Solar Company, according to plans and specifications generated by structural engineer William Bishop.

12. Main Street contends that its claims against DynoRaxx, Beaumont Solar Company, and Mr. Bishop have a value of "approximately $700,000."

13. On June 28, 2018, at 10:00 a.m., Main Street, Clover Leaf Mills and CRAIG/is intend to conduct a joint inspection of the building, racking system, solar panels, and associated damage. Thereafter, Main Street and Clover Leaf Mills intend to proceed with "repairs" to the building.

14. On information and belief, "repair" to the buildings on Father Devalles Boulevard would entail substantial alteration of the racking systems, solar panels, and roofs, and deconstruction and disposal of evidence material to the claims asserted by Main Street.

*Conduct by Main Street America Assurance Company*
*And CRAIG/is Ltd.*

15. DynoRaxx received notice of the alleged claim of Main Street America Assurance Company after June 4, 2018, via a letter from "Jim Anderson" of CRAIG/is, which advised DynoRaxx to respond within fifteen days to schedule an inspection of evidence.

16.     On Thursday, June 21, 2018, CRAIG/is sent an email to, among other recipients, an adjuster at Cincinatti Insurance Company, the insurance carrier for DynoRaxx. No representative of DynoRaxx was copied on the email.

17.     The email provided that an inspection would be conducted of the scene and evidence on June 28, 2018 at 10:00 am. The email explicitly advised that this would be the "final" opportunity to inspect the scene.

18.     This "final" inspection was also the first, and only, inspection, providing the only opportunity for DynoRaxx, as well as others, to obtain and inspect physical evidence concerning the sizeable claims made by Main Street and Clover Leaf.

19.     On Monday, June 25, 2018, DynoRaxx, through counsel, requested that the inspection be rescheduled, to provide it an opportunity to retain an expert, so that the expert and a technical representative from the company could be present and participate fully in the inspection, including observing, obtaining, and preserving physical evidence.

20.     Mr. Anderson refused to reschedule the inspection, or to refrain from alteration of the scene or physical evidence for sufficient time to permit reasonable review and preservation of evidence.

## COUNT I
### VIOLATION OF G.L. C. 93A § 2
### AGAINST ALL DEFENDANTS

21.     Paragraphs 1-20 are incorporated by reference, as if specifically restated and set forth herein.

22.     CRAIG/is and Main Street have actual knowledge that the buildings at Father Devalles Boulevard, the racking, the solar panels, the roofs, and other physical evidence

associated with them, are material to claims that Main Street and/or Clover Leaf intend to pursue against DynoRaxx.

23.     CRAIG/is and Main Street know that the destruction of the buildings and their component parts, including by not limited to the racking and solar panels, will materially impair DynoRaxx's ability to investigate its claims, and defend itself in the anticipated litigation.

24.     Notwithstanding their knowledge, CRAIG/is and Main Street (a) failed to provide adequate notice of their intent to alter, destroy, or alienate evidence; (b) failed to permit adequate opportunity to preserve, observe, and inspect evidence; and (c) will destroy, alter, dispose of, and alienate evidence despite the objections of DynoRaxx.

25.     This conduct is unfair and deceptive, within the meaning of G.L. c. 93A, § 2, and will cause DynoRaxx to suffer loss of money or property, should the court not enjoin defendants from destroying, altering, or alienating the tangible property at issue.

WHEREFORE, DynoRaxx requests that this Court issue an injunction against the destruction of tangible property and alteration of real property, pursuant to G.L. c. 93A, § 11, and award costs, fees, and damages and such other and further relief as permitted by the statute.

### COUNT II: INJUNCTIVE RELIEF
### AGAINST CLOVER LEAF MILLS, LLC AND
### MAIN STREET AMERICA ASSURANCE CO., INC.

26.     Paragraphs 1-25 are incorporated by reference, as if specifically restated herein.

27.     DynoRaxx will suffer real and irreparable harm if Main Street and Clover Leaf are permitted to alter the racking, panels, roofs, or any other component of the buildings at Father Devalles Boulevard.

28.     An order prohibiting the destruction or alteration of evidence is in the public interest, as there is a significant public interest in the just, timely, and efficient resolution of lawsuits and insurance claims.

29.     The equities are in favor of DynoRaxx, as DynoRaxx has not slept on its rights, and acted as soon as practicable to retain counsel and preserve evidence.

30.     DynoRaxx is likely to prevail on the merits of its claim pursuant to G.L. c. 93A §§ 2 and 11, as the knowing, intentional, and deliberate destruction of material evidence, known to be relevant to anticipated litigation, is unfair and deceptive conduct.

WHEREFORE, DynoRaxx requests that this Court issue an injunction against the destruction of tangible property, and alteration of real property, and issue such other and further relief as the court may deem necessary.

Plaintiff,
DynoRaxx, Inc.
By its attorney,


  /s/   Eileen P. Kavanagh
Eileen P. Kavanagh, BBO #549782
Nora Adukonis, BBO #676932
Litchfield Cavo, LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
(781) 309-1500
Kavanagh@litchfieldcavo.com
adukonis@litchfieldcavo.com